HARBERT v. SKINNER *et al.*

Statute of frauds: PAROL EVIDENCE. Where A promises to B to pay the debt of C on default of the latter, and B accordingly presents to A his account against C, parol evidence that A admitted it to be correct and promised to pay it, is admissible, not for the purpose of establishing the promise to pay, but to prove the default of C.

*Appeal from Hamilton Circuit Court.*

THURSDAY, OCTOBER 9.

ACTION before a justice of the peace for the recovery of $10 for taking depositions in the case of *J. F. Fornier* v. *W. W. More.* Defendants denied having employed plaintiff to take said depositions, and denied that they were indebted therefor. Judgment for plaintiff. The cause was appealed to the circuit court, in which, also, judgment was rendered for plaintiff.

Defendants appeal.

The facts are stated in the opinion.

Harbert v. Skinner.

*J. Skinner* for the appellants.

*D. D. Miracle* for the appellee.

Day, J. — The cause was tried by the court. The plaintiff to sustain the issue upon his part introduced the following letter of defendants:

"Webster City, *April* 12*th*, 1870.

" W. S. Harbert, Esq.: Dear Sir — In relation to depositions of L. A. Grant in the case of *J. H. Fornier* v. *W. W. More*, we will say Mr. Fornier has paid us no money yet, and as it will be impossible for us to see him until we will need the depositions, we shall request you to forward the same to the clerk of district court of Hamilton county, at this place, at which time we will forward you your pay, if Mr. Fornier fails so to do promptly." .

Plaintiff also introduced the testimony of A. A. Wicks, clerk of the district court, as follows: " The depositions of ⌐. . Grant, in *Fornier* v. *More*, were filed in my office April 16, 1870. The depositions were taken by plaintiff and appear to have been taken December 6, 1869."

D. D. Miracle also testified on behalf of plaintiff, as follows: "I presented the account, exhibit to notice, to J. Skinner, of firm of Skinner & Co., who informed me that the account was all right, and that he would pay it, except as to the amount stated that he had a letter from the plaintiff in which he agreed to take $8.00 or $7.50. Said he would pay it as soon as he got the money."

To this testimony the defendants objected upon the ground that the contract sought to be proved is within the statute of frauds, and parol evidence is inadmissible. The court overruled the objection and this ruling is assigned as error.

No parol evidence of a contract wherein one person promises to answer for the debt of another is competent except of the party himself against whom the unwritten contract is sought to be enforced.

Vol. XXXVII. — 27

In this case, however, there is the written promise of the defendants to pay for the depositions, if Fornier, the party on whose behalf they were taken, did not do so promptly. Here is the agreement to answer the default of another, established by competent evidence. All that remains to be proven is the forwarding of the depositions pursuant to the order of defendants, and the default of Fornier to pay for them promptly. That the depositions were forwarded is proved by the testimony of Wicks.

There is no rule of law which renders parol evidence incompetent to establish the remaining fact, to wit: The default of Fornier to pay. This may be proved by the testimony of any one who knows the fact. If Fornier had testified at the trial that he had not paid for the depositions, there can be no doubt of the competency of such evidence.

Now the testimony of Miracle as to the admission of Skinner was necessary only for the purpose of establishing the fact of Fornier's failure to pay. And for this purpose the admission of Skinner is proper evidence, for there is no provision of the law which declares it incompetent except for the purpose of establishing a substantive promise of defendants to pay Fornier's debt. But for this provision of the law it would be admissible for all purposes, and under this provision it is admissible for every purpose not inhibited.

Skinner says the account against Skinner & Co. is all right; but they had agreed to pay it only in the event that Fornier failed to do so promptly. Hence the admission that the account against them is right, is an implied admission of Fornier's default.

In so far as the testimony of Miracle tends to prove a substantive parol promise of defendants to pay Fornier's debt, it is not competent, and if there was no other evidence of their promise, the plaintiff could not recover. But this evidence cannot be denied its proper weight in establishing a fact for which it is competent, merely because it bears upon and tends to establish a fact for which it is not competent. If the cause had been tried by a jury it would have been necessary to

direct them to consider the evidence only with reference to the purpose for which it is competent.

The promise to pay for these depositions in the event of Fornier's default, being proved by competent written evidence, and the default of Fornier being inferentially shown by competent parol evidence, it follows that plaintiff is entitled to recover, and that the judgment must be

Affirmed.